{¶ 26} The essence of Plaintiff-Appellant's argument, as I understand it, is that the tolling provisions with respect to discovery announced in Ault v. Jasko (1994), 70 Ohio St.3d 114, remain applicable to the version of R.C. 2305.111 which became effective in 2006.
 {¶ 27} Claims for relief alleging childhood sexual abuse, being grounds on which to commence a common law action for assault and battery, were subject to the one-year statute of limitations in R.C. 2305.111 when Ault was decided. Ault held that, in addition to the tolling provisions for minority in R.C. 2305.16, the one year statute of limitations *Page 11 
was tolled in an action for assault and battery brought on claims of childhood sexual abuse when the victim failed to discover the abuse due to repressed memory, until the victim discovers or should have discovered the abuse. Explaining its purpose, the Ault court wrote:
 {¶ 28} "`. . . Use of the discovery rule eases the unconscionable result to innocent victims who by exercising even the highest degree of care could not have discovered the cited wrong. By focusing on discovery as the element which triggers the statute of limitations, the discovery rule gives those injured adequate time to seek relief on the merits without undue prejudice to . . . defendants.'" Id., at 116, quotingOliver v. Kaiser Community Health Fund (1983), 5 Ohio St.3d 111, 114.
 {¶ 29} Ault imposed a judicial equitable tolling rule on the one-year period of limitations in R.C. 2305.111, on a finding that in cases of repressed memory tolling was necessary to prevent unfairness to otherwise diligent plaintiffs until they discovered their injury. The dissents in Ault viewed the grounds for that equitable relief on which the majority relied to be insufficient, and for that reason would defer to a legislative action on the matter. The amendments to R.C. 2305.111
that became effective in 2006 represent that legislative response.
 {¶ 30} The current version of R.C. 2305.111 preserves the one-year statute of limitations for all actions for assault and battery, except those "brought by a victim of childhood sexual abuse based on childhood sexual abuse." R.C. 2305.111(C). Such actions must now be brought "within twelve years after the cause of action accrues, . . ." which is "upon the date on which the victim reaches the age of majority."Id. The twelve-year period is tolled per that section only when the defendant has fraudulently *Page 12 
concealed the abuse, until the plaintiff discovered or should have discovered it.
 {¶ 31} The tolling provisions for repressed memory announced inAult, being an equitable remedy judicially imposed in relation to a one-year statute of limitations, do not apply to the manifestly different twelve-year statute of limitations for actions on claims for childhood sexual abuse to which R.C. 2305.111(C) now governs. The same "unconscionable result" the one-year statute could produce cannot be assumed to apply to the twelve-year statute, and equitable remedies are highly fact-sensitive.
 {¶ 32} Plaintiff-Appellant suggests that Ault's discovery rule survives nevertheless, because the General Assembly did not expressly reject the tolling provision regarding repressed memory when it amended R.C. 2305.111. That argument ignores the fact that the new enactment is a subsequent exercise of the legislative power pursuant to Section 1, Article II of the Ohio Constitution, which is unaffected by a prior pronouncement of the judicial branch pursuant to Section, Article IV on a different matter. The fact that the two coordinate branches of government addressed the same concerns does not require that they do it in the same way or reach the same result.
Copies mailed to:
Konrad Kircher Scott E. Wright Hon. J. Timothy Campbell *Page 1